[No. 34112.    *En Banc.*    March 8, 1962.]

*In the Matter of the Application for a Writ of Habeas Corpus of*
Paul Seymour, *Petitioner,* v. Merle E. Schneckloth, *as
Superintendent of the State Penitentiary, Respondent.**

Per Curiam.—Paul Seymour was charged with second degree burglary allegedly committed in the town of Omak, Washington. Upon a plea of guilty to the lesser included offense of attempted burglary in the second degree, he was found guilty and sentenced by the Okanogan County Superior Court. Thereafter, he filed a petition in this court for a writ of habeas corpus urging that his conviction was void for want of jurisdiction and alleging that he was an enrolled, unemancipated member of the Colville Indian Tribe and, therefore, a ward of the United States; that the purported crime was committed in "Indian country"; and that burglary committed by an Indian in Indian country is an offense within the exclusive jurisdiction of the United States.

The writ was denied in *In re Seymour v. Schneckloth,* 55 Wn. (2d) 109, 346 P. (2d) 669 on the grounds that the crime was not committed in "Indian country". The Supreme Court of the United States granted certiorari to review the decision of this court. In *Seymour v. Superintendent of Washington State Penitentiary,* 368 U. S. 351, 7 L. Ed. (2d) 346, 82 S. Ct. 424, the court held that the land upon which the burglary was committed was within the reservation limits or "Indian country".

The Supreme Court of the United States having determined the courts of Washington had no jurisdiction, the opinion in *In re Seymour v. Schneckloth, supra,* is reversed and the cause is remanded to the Superior Court of Okanogan County with directions to vacate the judgment and sentence and effect the release of the prisoner.

*Reported in 369 P. (d) 309.